UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION




UNITED STATES OF AMERICA ex rel.
CHRIS BAASE, DARRYL BARTZ,
and CHRIS BAASE, individually and
jointly and severally, and DARRYL BARTZ,
individually and joint and severally,

          Plaintiffs,

v.

          Case Number 06-10095-BC
          Honorable David M. Lawson

TUSCOLA COUNTY, TUSCOLA BEHAVIORAL
HEALTH SYSTEMS, CASS VALLEY
ENTERPRISES, STEPHAN WOOD PRODUCTS,
INC., H&K FASTENER CORPORATION,
ROBERT CHADWICK, ROBERT LOUKS,
PETER LUKES, and SHARON BEALS,

          **FILED UNDER SEAL**

          Defendants.

_____/

## ORDER GRANTING IN PART *EX PARTE* APPLICATION TO ENLARGE TIME TO CONSIDER ELECTION TO INTERVENE AND CONTINUE ORDER PLACING FILE UNDER SEAL

On January 6, 2006, the relators, Chris Baase and Darryl Bartz, filed this action pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq*. On January 9, 2006, the Clerk entered an order signed by the another judge of this district in accordance with 31 U.S.C. § 3730(b)(2) placing the matter under seal for a period of sixty days and directing that the government review the matter and elect whether to intervene and proceed with the action. The date for the government's response is March 20, 2006.

On March 10, 2006, the government presented an *ex parte* application to extend time for electing whether to intervene, seeking an additional six months to make its decision, and requesting the matter remain under seal for that period. In support of the motion, which is uncontested, the

government states that the case involves the presentation of claims that certain defense contractors furnished faulty and noncompliant parts for equipment purchased by the United States Army. The government states that representatives from the Department of Justice referred the investigation of the matter to "Special Agent Ron Peregrine, who is identified in the complaint as an agent who had already commenced an investigation related to the allegations of the complaint." The government further alleges that Agent Peregrine had "started looking into this matter" but that additional information must be compiled, and government counsel desires to meet with the contracting authorities of the Army to discuss the complaint in greater detail and to interview additional witnesses.

The pertinent statutory section directs the Court to seal the complaint "for at least 60 days" after initial filing, but requires the government to "elect to intervene and proceed with the matter within 60 days after it receives" the file materials, including the *qui tam* complaint. 31 U.S.C. § 3730(b)(2). Additional time may be obtained by the government in accordance with 31 U.S.C. § 3730(b)(3), which states:

> The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera. The defendant shall not be required to respond to any complaint filed under this section under 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

31 U.S.C. § 3730(b)(3).

Under this section, extensions of time are not automatically granted as a matter of routine; good cause must be demonstrated. *United States ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1355 (N.D. Ill. 1991). A party shows good cause by demonstrating a "reasonable justification" for its

failure to complete the required tasks within the time prescribed. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). It may do so by advancing specific facts which describe the magnitude of the undertaking, the time available for completion, and circumstances that would prevent a reasonable person from performing within the time allowed by a statute or court rule. *Kalish*, 765 F. Supp. at 1354. Generalizations and conclusory allegations will not suffice. *Ibid*.

In this case, the government has explained only that it has "commenced an investigation" and desires to interview additional witnesses. However, the government has not provided any information concerning the number of witnesses that must be interviewed, the extent of that undertaking, the scope of the investigation it contemplates before electing whether to intervene in this case, the volume of records to be examined, or any other specific information from which the Court can assess the government's diligence thus far or the magnitude of the task ahead. Yet the government asks for thrice the time permitted by the statute to make its election, while the case would languish on this Court's docket with no progress toward a resolution. The government's showing is not adequate to support the extent of the relief requested.

The government is not foreclosed, however, from offering additional information in support of its requests. Because the sealed order expires today, and because the investigation may be compromised if the case is ordered unsealed and served before the government makes its election under 31 U.S.C. § 3730(b)(4), the Court will continue the seal order for an additional four weeks. The Court will enlarge the government's election time by that period as well, subject to any properly-documented supplemental request for further enlargement.

Accordingly, it is **ORDERED** that the *ex parte* application for a six-month extension of time to consider election to intervene is **GRANTED IN PART** and **DENIED IN PART**.

-3-

It is further **ORDERED** that the case shall remain under seal through **April 17, 2006**, or until further order of the Court.

It is further **ORDERED** that the government shall make its election to proceed with the action or notify the Court that it declines to take over the action, as required by 31 U.S.C. § 3730(b)(4), on or before **April 17, 2006**, or such further time as the Court may grant upon a proper showing.

Dated: March 20, 2006

/s/ David M. Lawson
DAVID M. LAWSON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2006.

SUZANNE M. GAMMON