UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRIS BAASE and DARRYL BARTZ,

    Plaintiff,                                CASE NO. 06-CV-10095

v.                                          DISTRICT JUDGE THOMAS LUDINGTON
                                               MAGISTRATE JUDGE CHARLES E. BINDER

TUSCOLA COUNTY, et al,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Procedural Background**

Plaintiffs' complaint based on alleged violations of the False Claims Act, 31 U.S.C. § 3729 et seq., was originally filed as a sealed document but was unsealed on January 6, 2006 (Dkt. 8.) On November 20, 2006, U.S. District Judge Thomas L. Ludington referred the case to the undersigned Magistrate Judge for pretrial case management.[1]  (Dkt. 21.)

On November 7, 2006, Plaintiff's counsel filed a motion to withdraw, citing among other reasons that there has been a "breakdown in the attorney-client relationship."  (Dkt. 20, Mot. to

---

[1] Pursuant to Administrative Order 06-AO-027, this case was reassigned to United States District Judge Thomas L. Ludington on September 13, 2006.  (Dkt. 28.)

Withdraw, ¶ 10.) Plaintiffs indicated to counsel they did not object to the motion to withdraw but Plaintiffs did not return the stipulation sent to them by counsel. (Dkt. 20, ¶ 9.) The motion to withdraw was granted and the motion to extend time in which to file the complaint was denied because Plaintiff had been repeatedly advised that unless Defendants were served, the case would be dismissed and because four months had elapsed without service being accomplished. (Dkt. 22.)

On January 9, 2007, an Order to Show Cause why this Magistrate Judge should not issue a Report and Recommendation recommending that this case be dismissed for want of prosecution was entered. (Dkt. 23.) Plaintiff was given until January 26, 2007, to show cause. The deadline has passed, and Plaintiffs have failed to respond to the Order to Show Cause.

**B.    Discussion**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)). "Not only may

a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiffs have been warned by their former counsel that service would need to be accomplished on or before November 19, 2006, or that their complaint could be dismissed. (Mot. to Withdraw, ¶ 8.) In addition, Plaintiffs were reminded of the necessity of service by this Court's Order allowing withdrawal and by its subsequent Order to Show Cause. (Dkt. 22, 23.) Therefore, I find that Plaintiffs have failed to actively pursue the litigation that they initiated, and recommend that the case be *sua sponte* dismissed for failure to prosecute.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(C). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The

parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                      s/ *Charles E Binder*
                                        CHARLES E. BINDER
Dated: March 2, 2007                 United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report And Recommendation was electronically filed this date, served on Chris Baase and Darryl Bartz by first class mail, and served on District Judge Ludington in the traditional manner.

Date: March 2, 2007                   By     s/Jean L. Broucek
                                        Case Manager to Magistrate Judge Binder